IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARRY JEWELL                                                                                         PETITIONER

vs.                                           NO: 4:08CV00499BSM

UNITED STATES OF AMERICA                                                              RESPONDENT

### ORDER

Pending before the court is the petition of Barry Jewell to quash Internal Revenue Service ("IRS") summonses and for a Temporary Restraining Order ("TRO"). Before addressing the merits of the petition, the court must address the petitioner's Notice of Related Case that was filed on June 9, 2008.

In his Notice of Related Case, Jewell states that he has a criminal case pending before Chief Judge J. Leon Holmes, 4:07CR00103 JLH and requests that his petition be assigned to Judge Holmes as a related case. General Order 39, which governs the assignment of related cases, provides that a notice of related case is to be filed contemporaneously with the filing of the action. Jewell's Notice of Related Case, however, was filed three days after the filing of his petition . The General Order further provides that if the judge to whom the prior case was assigned determines that the new case is related, he or she may request transfer of the new action to his or her docket as a related case. As of the date of this order, no action has been taken by Chief Judge Holmes to have the petition transferred to his docket as a related case. Therefore, the petition remains on this court's docket.

The court conducted a telephonic hearing on July 9, 2008 and counsel for

both parties appeared. The arguments presented at the hearing establish that the IRS issued three summonses to Jewell requesting that he produce certain documents concerning retirement and/or pension plans associated with Jewell's law firm. Jewell contends that the summonses were issued for improper purposes, such as to harass him and to monopolize his time so that it will be difficult for him to prepare for his upcoming criminal trial. Jewell asks that the court enter a TRO prohibiting the IRS from pursuing its audits of him or his clients' pension plans until after completion of his September 2, 2008 criminal trial.

As of the time of the hearing, the IRS has taken no position as to whether it will seek to enforce the summonses. Counsel for the government stated on the record that Jewell does not have to do anything at this time but that he merely has to "sit tight" until the IRS seeks to enforce the summonses. Counsel for Jewell stated that Jewell is a lawyer and is uncomfortable disregarding summonses.

A TRO may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the movant will suffer irreparable harm absent the restraining order; (3) that the balance of harms favors the movant; and (4) that the public interest favors the movant. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir.1981). Although the court is concerned that any action taken by the IRS to enforce its summonses will hinder Jewell's ability to prepare for his criminal trial, the court finds that Jewell's request for a TRO is premature. This is true because the IRS has initiated no action to enforce the summonses and:

>absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order.

*Schulz v. I.R.S.,* ,395 F.3d 463, 465 (2d Cir. 2005).  Indeed, at this time, Jewell does not have standing to move to quash the IRS summonses.  *Id.* (issuance of IRS summons creates no Article III controversy and federal court does not have jurisdiction over motion to quash IRS summons in absence of IRS effort to seek court enforcement of summons).

Furthermore, after consideration of the *Dataphase* factors, the court cannot find that Jewell is entitled to a TRO with regard to the audits.  He has already represented 73 former clients in the audits, and he does not indicate that there are a large number of audits outstanding in which he will have to participate prior to the criminal trial.  By Jewell's refusal to agree to an extension of the statute of limitations, the IRS may lose an opportunity collect taxes rightfully due and owing.

Accordingly, the petition to quash the IRS summonses and for a temporary restraining order is denied.  As there are no other matters to be decided in this case, the case is hereby dismissed.

IT IS SO ORDERED this 9th day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE